**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Mr. Clayton-M. Bernard-Ex,<br>Plaintiff(s),<br>vs.<br><br>Social Security Administration, et al.,<br>Defendant(s). | 2:24-cv-02254-MDC<br><br>**ORDER** |

Plaintiff filed a *Motion to Lift Stay and Renew Motions, a Motion Request for Ruling on Motion to Lift Stay and Renew Motions,* and a *Motion for a Status Conference*. *ECF Nos. 21, 22, and 23.* The Court **GRANTS and DENIES** the Motion to Lift Stay and Renew Motions in part. *ECF No. 21.* The Court **DENIES** the rest of the motions as duplicative. *ECF Nos. 22 and 23*.

## I. MOTION TO LIFT STAY AND RENEW MOTIONS

The Court previously stayed this case due to plaintiff's bankruptcy and denied plaintiff's in forma pauperis ("IFP") application without prejudice. *ECF No. 10*. The Court instructed the plaintiff that he may refile his IFP application after the conclusion of his bankruptcy proceedings. *Id*. Plaintiff also filed multiple motions along with an appeal to the Ninth Circuit: the Court denied the motions pursuant to the stay and the pending appeal. *ECF No. 19*. Plaintiff's bankruptcy and appeal are now complete, so the plaintiff moves to lift the stay. The Court grants the request to lift the stay. The Court, however, denies his request to renew his motions (ECF Nos. 11, 12, 13, 14, and 18) at this time because the plaintiff must first refile a new IFP application, per the Court's earlier order (ECF No. 10) before this case can proceed.

Plaintiff is a frequent litigator in this Court[1] and has prior bankruptcy proceedings. To better

[1] The Court found that he is a vexatious litigant related to a specific piece of property. See *Catamount Properties 2018, LLC v. Selassie*, Case No. 2:24-cv-01834-CDS-NJK, ECF No. 37 at 12.

assess whether plaintiff can proceed IFP, plaintiff must file the District of Nevada's Long Form (AO 239) IFP application ("Long Form-IFP"). If plaintiff files a new Long Form-IFP application, he must answer all questions on the form with detailed explanations about his individual incomes and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation.

**II. MOTION REQUEST FOR RULING ON MOTION TO LIFT STAY AND RENEW MOTIONS AND MOTION FOR A STATUS CONFERENCE.**

Plaintiff's remaining motions (ECF Nos. 22 and 23) are duplicative of the first filed Motion to Lift Stay and Renew Motions. Plaintiff's (1) Motion Request for Ruling on Motion to Lift Stay and Renew Motions asks the Court to rule on the first filed motion and (2) plaintiff's Motion for a Status Conference asks the Court to hold a status conference regarding ruling on his pending motions. The Court cautions plaintiff against filing duplicative motions in this case as such conduct only slows the pace of this litigation, burdens the Court's heavy case load, and might result in sanctions.

//

//

**IT IS ORDERED that:**

1. Plaintiffs' *Motion to Lift Stay and Renew Motions* (ECF No. 21) is **GRANTED AND DENIED in part** as discussed in this Order.
2. Plaintiff has until **September 21, 2026** to either (1) file the Long Form-IFP to proceed in forma pauperis as specified in the Court's order or (2) plaintiff must pay the full fee for filing a civil action.
3. Plaintiff's *Motion Request for Ruling on Motion to Lift Stay and Renew Motions* (ECF No. 22) is **DENIED** as moot.
4. Plaintiff's *Motion for a Status Conference* (ECF No. 23) is **DENIED** as moot**.**
5. Failure to timely comply with this Order may result in dismissal.

DATED: August 20, 2026.

IT IS SO ORDERED.



________________________________

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge